# SUPERIOR COURT
## of the
# STATE OF DELAWARE

Jeffrey J Clark
Judge

Kent County Courthouse
38 The Green
Dover, DE 19901
Telephone (302)739-5333

February 8, 2016

Christina Kontis, Esq.
Eric Zubrow, Esq.
Department of Justice
820 North French Street
State Building - 7th Floor
Wilmington, DE 19801

Joseph Hurley, Esq.
1215 King Street
Wilmington, DE 19801

> RE: *State v. William L. Curry, III*
> *ID#1502004127*

Dear Counsel:

The State charged William Curry ("Defendant") with Strangulation, Assault in the Third Degree, two counts of Endangering the Welfare of a Child, Resisting Arrest, and a Child Restraint violation. He moves to sever the resisting arrest charge from the domestic violence counts in the indictment. For the reasons below, the Defendant's Motion for Severance is **DENIED**. Furthermore, for the reasons describe below, the risk of unfair prejudice substantially outweighs the probative value of certain proffered evidence. Accordingly, references to Defendant's self-identified status as an American National and other like claimed statuses are barred pursuant to Delaware Rule of Evidence 403.

## ARGUMENTS OF THE PARTIES

Defendant first argues misjoinder at the outset because the two events leading to the indictment were wholly separate and not intertwined. Accordingly, the Defendant asserts the charges do not meet the joinder requirements of Superior Court Criminal Rule 8.

Defendant further argues, that if the joinder had a legal basis, the counts should be severed because of the danger of unfair prejudice. Namely, Defendant argues that if the charges alleging offenses at two separate locations are tried together, evidence would be presented for one that would unfairly prejudice Defendant regarding the other. In this regard, he emphasizes evidence that: he is a "sovereign citizen"[1]; he does not recognize the authority of the United States; his wife claimed to the police that he had a gun and was fleeing to a residence with "gun nuts"; and the members of the residence at the location of his arrest are members of the Michigan Militia. Defendant asserts that some of this evidence may be admissible regarding the resisting arrest charge (occurring at one location) but would unfairly prejudice him regarding the domestic violence charges (occurring at another location).

The State opposes Defendant's motion to sever on the basis of judicial economy and claims that the conduct is intertwined. The State argues that Superior Court Criminal Rule 8 is designed to promote judicial economy provided it does not infringe on a defendant's rights. The State emphasizes that at the second location, where the resisting arrest allegedly occurred, Defendant made statements amounting to admissions to a 911 dispatcher describing the events surrounding the domestic violence charges. Finally, the State argues that the charges were properly joined and that Defendant has not established substantial prejudice necessary to sever the charges.

## STANDARD OF REVIEW

Superior Court Criminal Rule 8(a) provides that "[t]wo or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan."[2] Furthermore, pursuant to Superior Court Criminal Rule 14,

> [i]f it appears that a defendant or the state is prejudiced by a joinder of offenses . . . in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts . . . or

---

[1] At the motion and in written submissions, the Defendant stated that he was a "Sovereign Citizen." The Defendant's statements in the 911 recordings reviewed by the Court indicate he identifies himself as an American National and not as a Sovereign Citizen.

[2] Del. Super. Ct. Crim. R. 8(a).

2

provide whatever other relief justice requires.[3]

The decision whether to grant or deny a motion for severance is a matter within the discretion of the trial court.[4] The defendant has the burden of establishing substantial prejudice caused by the joinder.[5] Mere hypothetical prejudice is not sufficient.[6] Prejudice can be found when: "(1) the jury may cumulate the evidence of the various crimes charged and find guilt when, if considered separately, it would not so find; (2) the jury may use the evidence of one of the crimes to infer a general criminal disposition of the defendant in order to find guilt of the other crime or crimes; and (3) the defendant may be subject to embarrassment or confusion in presenting different and separate defenses to different charges."[7] In this regard, the interest of judicial economy outweighs the defendant's interests where the defendant makes unsubstantiated claims of substantial prejudice.[8]

## DISCUSSION

The Court has reviewed and considered the filings of both parties, the evidence proffered at the motion hearing, and listened to three 911 recordings provided by the State. The asserted prejudice does not warrant severance. Namely, the events leading to the charges of domestic violence and the resisting arrest are close in temporal proximity. The first 911 call by Defendant's wife, at the residence of 928 Lovering Avenue, was placed at 4:02 AM. The second 911 recording made by Defendant, after he reached the residence at 100 Granite Road and had police contact at that location, was placed at 4:15 a.m. These two calls evidence a short separation of time between the first incident resulting in the domestic abuse charges, and the second incident involving the alleged resisting of arrest.

Defendant argues that these charges are wholly separate and not intertwined. As recognized in *Caldwell v. State,* however, "although two sets of charges are not necessarily inextricably intertwined because each set of charges could theoretically be proven without reference to the other, they [can] nevertheless [be] a part of the same

---

[3] Super. Ct. Crim. R. 14.

[4] *Bates v. State*, 386 A.2d 1139, 1141 (Del. 1978); *see also* Super. Ct. Crim. R. 14.

[5] *Id.*

[6] *Id.* at 1142.

[7] *State v. Taylor*, 2015 WL 7753046, at *7 (Del. Super. Nov. 23, 2015).

[8] *State v. Flagg*, 739 A.2d 797, 799 (Del. Super. 1999).

common scheme or course of conduct within the meaning of Criminal Rule 8(a)."[9] The Court finds that the charges are part of the same common scheme and course of conduct. As alleged, Defendant fled his home at 928 Lovering Avenue after an altercation with his wife, and his destination was 100 Granite Road. The parties do not dispute that the Defendant's change of location resulted from the conflict. Furthermore, a child restraint violation arising from that movement between the two locations is charged in the indictment. Resisting arrest charges are customarily joined with predicate offenses. Here, the basis for the arrest he allegedly resisted was the domestic violence at the prior location. The claims are related and joinder was proper at the outset pursuant to Superior Court Criminal Rule 8.

As to the question of prejudice and severance, the isolated references to Defendant being an American National on the 911 tapes are a small portion of the taped conversations. The Defendant's statements on the tapes include his insistence that the police produce a warrant and that a different police agency (New Castle County) arrest him. While he apparently dropped papers in the driveway indicating his claimed status as an American National and made isolated references to the same, his stated primary reason for avoiding police contact was (1) the lack of merit of the charges, (2) the lack of a warrant, and (3) fear for his safety. Any arguable prejudice can be mitigated by a charge to the jury, instructing it to evaluate each charge individually as a separate and distinct charge. The Supreme Court of Delaware has held in this context that such an instruction to the jury effectively mitigates potential prejudice.[10] For this reason, the Court's interest in judicial economy in trying these charges together outweighs the risk of unfair prejudice.

The Defendant's primary argument regarding the prejudice of this evidence should also be considered in a DRE 403 analysis. Superior Court Criminal Rule 14 includes provision for providing "whatever other relief justice requires" as an alternative to severance. In this case, pursuant to DRE 403, the Court must determine if the evidentiary value of the disputed evidence is outweighed by potentially unfair prejudice to the defendant.[11]

The State argues that evidence from the victim's and the Defendant's 911 calls about Defendant's status, and evidence that the Defendant dropped documentation regarding his status and oath as an "American National", is relevant to the Defendant's state of mind for all charges. In a written submission after the hearing, Defendant also

---

[9] *Caldwell v. State,* 780 A.2d 1037, 1055 (Del. 2001).

[10] *Monroe v. State,* 28 A.3d 418, 428 (Del. 2011).

[11] *Massey v. State,* 953 A.2d 210, 215 (Del. 2008)

seeks to admit evidence of this status as a defense to **only** the resisting arrest charge.[12] As the State correctly argues, there is some probative value to this evidence regarding the Defendant's state of mind (intent) as to resisting arrest. However, its probative value is substantially outweighed by its unfair prejudice. After reviewing the three 911 recordings, this Court finds it appropriate to bar introduction of (1) any evidence or reference to Defendant's believed status as an "American National", unless first raised by the Defendant. Furthermore, pursuant to DRE 403, any statements (2) in the three 911 calls referencing militia membership, and (3) documents alleging status as an individual exempt from state or federal law, are also inadmissible, unless first raised by the Defendant.

As a final matter, Defendant has also requested a continuance of the trial in the event the charges are not severed. However, Defendant provided no justification for that request in his written submission. Accordingly, the request for continuance is **DENIED**.

## CONCLUSION

In conclusion, this Court finds that the charges were properly joined. The Court also finds that interests of judicial economy outweigh the risk of unfair prejudice caused by proceeding with the charges as indicted. Defendant's motion to sever is therefore **DENIED**. Nevertheless, the Court recognizes that unfair prejudice could result from references to Defendant being an "American National", as well as from certain statements by the Defendant and the alleged victim. The Court finds that this unfair prejudice substantially outweighs the probative value of such evidence. Any reference or evidence regarding Defendant's self-identification as an "American National" or evidence regarding militia membership are barred from the State's case-in-chief pursuant to DRE 403. If such evidence is raised by the Defendant, and is not objected to by the State based upon relevance, the State must first raise any intention to introduce such evidence outside the presence of the jury. The Court can then evaluate to what extent a door has been opened.

**IT IS SO ORDERED.**

Very truly yours,

/s/ Jeffrey J Clark

_____

Judge

_____

[12] For this reason, Defendant argues that barring such evidence pursuant to DRE403 is not sufficient to mitigate unfair prejudice. Defendant indicates he will seek to inject this self-identified status into the case as a defense regarding the resisting arrest charge.

5

JJC:jb

sc: Sharon Agnew, Prothonotary
Susan Hearn, Chief Deputy Prothonotary
Carol Taylor, Judicial Case
File